MARTÍNEZ, PLAINTIFF AND APPELLANT, v. ECHANDI, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Arecibo in an Action of Ejectment and for Damages.

No. 2706.—Decided December 5, 1922.

EJECTMENT—PARTITION—MINORS.—Where there are minors among the heirs a property held in common can not be validly divided by the adult heirs. The law establishes the procedure to be followed in such a case.

ID.—ID.—ID.—HEREDITARY RIGHTS—ESTOPPEL.—A property was inherited by three brothers and one of them died and was succeeded by his minor children. At that juncture the property was divided privately and each heir received his share. One of the adult heirs sold six acres of the share received by him. The other adult heir was a party to the contract and agreed to the sale. After some years another person, the plaintiff, with knowledge of all of the facts, acquired the hereditary rights of the three brothers and sued the grantee, the defendant, for the said six acres. *Held:* That although the sale of the six acres was originally void, the plaintiff had a right to recover only the share belonging to the minors, or an undivided one-third interest, for the adult heirs were estopped and, therefore, could convey nothing to him.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellant.

*Mr. A. Lens Cuena* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Remigio Martínez Badía brought an action of revendication against Francisco Echandí to recover a certain parcel of land and damages. He alleged that he was the owner of a property of 130 acres in the ward of Florida Adentro, Barceloneta, and that six acres of it were in the possession of the defendant who was without title and had the intention of appropriating that parcel.

The defendant admitted in his answer that the plaintiff was the owner of the property of 130 acres described in the

complaint and denied all of the other allegations of the complaint, alleging that he acquired the property of six acres of which he was in possession by purchase from Ramón Lourido in 1908.

At the trial both parties submitted evidence and the court finally dismissed the complaint. Thereupon the plaintiff appealed to this court.

The defendant having admitted that the plaintiff is the owner of the property of 130 acres to which the complaint refers, it is necessary to accept this as an established fact.

The evidence is complicated in connection with other features of the case. There is no doubt that the six acres in controversy formerly belonged to Francisco Lourido de la Riva, as did also the 130 acres. The common origin is admitted.

Nor is there any doubt that at Lourido's death his properties passed to his heirs, his three sons named Francisco, Ramón and Manuel. There were some disputes among them, but they finally came to an agreement. A surveyor divided the property and Ramón was allotted 100 and odd acres of which he took possession and paid the taxes separately. But when this division of the lands belonging to the heirs was made, Francisco, a brother of Ramón and Manuel, had died and had been succeeded by his children, some of whom were minors. Hence the plaintiff maintains, and in our opinion he is right, that the division is null void and that the property continued to belong to the heirs and no one of them could dispose of any separate part of it.

How did the defendant come into possession of the six acres?

It is alleged in the complaint that the said six acres had been delivered to the defendant fifteen years before by the so-called executors of Francisco Lourido de la Riva and his wife in order that from the products of the property he should collect a sum which the heirs owed him, and that the

defendant held the land and refused to relinquish it not-withstanding the demands made upon him. At the trial the plaintiff testified as follows:

"Q. When you acquired that property did you have any knowledge of Echandi's possession; was the point made clear to you?—Yes, I was told that Echandi was in possession of a parcel of the land which had been given him as security for some money which he had advanced for the payment of the taxes.

"Q. Do you know what was the form of the security?—That he should hold it in usufruct until the money was returned. Then I went to see Echandi and said to him: You have a parcel of land of five or six acres and the heirs owe you á small sum of money. Tell me how much it is and I will pay it. He replied that that was not the case; that he had bought that piece of land."

The evidence of the defendant tends to show that the parcel of six acres was not delivered in the manner claimed by the plaintiff, but under a contract of sale. The defendant testified as follows:

"Q. What was his proposition?—He offered to sell me that land.

"Q. What land?—The five and eight-tenths acres.

"Q. The parcel that they now demand from you?—Yes.

"Q. How was the transaction?—He said to me that execution had been levied on the property and it would be sold at auction within three or four days for the collection of the taxes due for two or three years.

"Q. On what property were the taxes due?—The property of 101 acres from which the five acres were segregated.

"JUDGE: Were these five acres a part of a larger property?—Yes, a part of the property of 101 acres on which the taxes were due.

"Q. Proceed.—I told him that I could not purchase the land and he insisted that I help him out of the difficulty, whereupon I agreed to furnish him the money by paying at the rate of $10 an acre for the land, to which he agreed and said that he would have to inform his brother Manuel. On the following day they both came to me and he explained the matter to his brother. I gave them $58 with which to pay the taxes.

"Q. Did he accept the sale?—Yes, at the rate of $10 an acre.

"Q. Which makes $50?—No, $58.

"Q. Proceed.—I gave him the money and he paid the taxes, and a few days later, on a holiday, he came to deliver the land to me and measured it with a rod."

Manuel Lourido, 72 years of age and a son of Francisco Lourido de la Riva, also testified at the trial. He corroborated the testimony of the defendant regarding the sale. He said that the property inherited from his parents was divided and Ramón took possession of 100 and odd acres; that he owed taxes for some time and in order to pay them he sold a piece of land to Echandi, and that the witness was called to be present at the making of the contract and made no objection. A part of his testimony is as follows:

"Q. Did you have any transaction with Remigio Martínez Badía?—Yes, after that.

"Q. Did you tell Remigio Martínez Badía anything about that parcel of land belonging to Francisco Echandi?—He asked what land had been sold that did not belong to the heirs and I explained to him that there were this parcel and another belonging to Ramón Pérez Gerena.

"Q. Did you tell him this before or after he purchased?—Before he purchased.

"Q. Did you explain how the transaction was made? I gave him the explanation.

"Q. Did you explain this before selling?—Yes."

There is a letter from the defendant to the plaintiff which the latter offered in evidence and which throws light upon the facts of this case. It reads as follows:

"Manatí, P. R., September 9, 1920.—Mr. Remigio Martínez Badía, Arecibo.—Dear friend:—I received your letter wherein you make reference to that of the 7th instant, and I take pleasure in answering it. You know that for 16 or 18 years I have been in possession of the land which the Louridos sold me, not of the exact number of acres, for although they delivered it to me and with the cardinal points, I think the area is somewhat less than what I purchased. During all of this time nobody has said anything to me and I have been in peaceful possession. If these people sold it to me without a right to do so, they have deceived both me

and the Treasurer of Porto Rico. Do you not remember that we spoke about this sale when you were in the office of the Plazuela Sugar Company in San Juan, when you went to redeem the property from the tax sale as attorney in fact of the Louridos? Thus, it may be as you say, that you have the law in your favor, but you know that my right is indisputable between gentlemen; therefore I think the best thing for both you and for me is to submit the matter to the decision of four mutual friends. Let me know whether you agree to this. With this neither you nor I will be prejudiced, for those who sold to me, who also sold to you in part, are responsible people.—Your friend, (signed) Franco. Echandi.''

After investigating the defendant's title to the property of which he is in possession it is necessary to recognize its weakness. Ramón Lourido had no right to sell a separate part of the main property which belonged jointly to him and to his brothers. But at all events, he had already made such sale when he conveyed his rights and interests to the plaintiff; therefore, he is estopped from repudiating his own acts. The plaintiff could acquire no interest in the six acres from him or from his heirs.

The same is the case with regard to his brother Manuel. He accepts the validity of the sale and says that when he in turn sold to the plaintiff his rights and interests in the estate of his parents, he told him of what had occurred in connection with the land possessed by Echandi.

We need only consider now the right of the heirs of Francisco Lourido, another son of Francisco Lourido de la Riva. The title of the plaintiff was admitted in the answer, and inasmuch as the plaintiff is the owner of the rights and interests of the heirs of Francisco and they were the owners of an undivided one-third of the six acres, the title to that part must be recognized in the plaintiff. *Capó v. Fernández,* 27 P. R. R. 656.

By virtue of the foregoing the judgment must be reversed and the complaint sustained as to the said undivided

one-third interest. As to the products claimed, the evidence does not give a true basis for allowing their recovery. Considering the circumstances of the case, each party will pay his own costs.

**Reversed.**

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.